# In the United States Court of Federal Claims

No. 20-710C

(Filed: August 17, 2020)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **RICKY DENTON,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) |

Ricky Denton, *pro se*, Pollack, Louisiana.

Steven C. Hough, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the brief were Ethan P. Davis, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Pending before the court in this *pro se* case is plaintiff's motion to proceed *in forma pauperis*.  *See* Pl.'s Mot. for Leave to Proceed *in Forma Pauperis* ("Pl.'s Mot."), ECF No. 9.  Defendant ("the government") opposes this motion on the grounds that Mr. Denton "has filed at least five prior [f]ederal actions or appeals that were dismissed as frivolous or for failure to state a claim."  Def.'s Resp. to Pl.'s Mot. ("Def.'s Resp.") at 1, ECF No. 10.

For the reasons stated, plaintiff's motion for leave to proceed *in forma pauperis* is DENIED.  Plaintiff's complaint is DISMISSED because it fails to establish this court's subject-matter jurisdiction.[1]

---

[1] Mr. Denton has filed a variety of other motions in this case.  *See* Pl.'s Mot. for Leave to File Am. Compl., ECF No. 7; Pl.'s Mot. for Extension of Time to Pay Filing Fees, ECF No. 8; Pl.'s Mot. for Leave to File Second Am. Compl., ECF No. 11; Pl.'s Mot. for Independent

**BACKGROUND**

Mr. Denton is a federal prisoner currently detained in Pollock, Louisiana. *See* Mot. for Leave to File Am. Compl., Ex. 1 ("First Am. Compl.") at 6. He claims that he "has and is being denied adequate medical care by the United States" which "has resulted in bodily injury" that "is continuing." *Id.* at 6. The "serious medical condition," *id.* at 6, from which Mr. Denton suffers is an abdominal wall defect on his right side, *see* Compl. at 2, ostensibly the "result of a point[-]blank range sawed[-]off shotgun wound" and the surgical procedures that followed, First Am. Compl. at 6. The shotgun wound allegedly created "a football size hole" in his abdomen. *See* Mot. for Leave to File Sec. Am. Compl., Ex. 1 ("Sec. Am. Compl.") at 5. The resulting surgical procedures apparently involved grafting and transplanting muscle and skin tissues, *see* Compl. at 2, and Mr. Denton asserts that the wound and the surgical repairs have led to "serious complications" in his bowels and abdomen, causing him "serious pain and discomfort," First Am. Compl. at 7.

Upon referral to a medical doctor, Mr. Denton claims he was prescribed "surgery to correct the condition," First Am. Compl. at 7, but the government "failed to timely follow the prescribed medical treatment and then abandon[ed] any effort" to do so, *id.* at 8. He alleges that 30 days passed before his treatment request was submitted to the regional office for approval and another three months passed before the surgery was approved. *See id.* The regional office declined to permit the surgery to be performed locally and Mr. Denton's transfer request was denied. *Id.* Due to this delay, Mr. Denton asserts that he has suffered bodily injury that "is continuing and getting progressively worse," *id.* at 9, and is "experiencing extreme pain digesting solid food and attempting bowel movements," Compl. at 2.

Mr. Denton alleges that the prison medical staff "is with deliberate indifference [] refusing to monitor the condition and [prevent] further damage." Compl. at 3. "[T]he needless delay in the surgery," Mr. Denton asserts, "will cause additional damage and needless pain and suffering." Compl. at 3. As relief, he seeks "any reasonable action to prevent further damage and pain and suffering," as well as $50,000 "in compensation for deliberate indifference to [his] medical needs resulting in bodily injury and pain and suffering." Compl. at 4. Elsewhere, Mr. Denton seeks an additional "sum of money" amounting to $9,900, "costs of litigation and reasonable attorneys['] fees," First Am. Compl. at 16, and "damages of $9,500," First Am. Compl. at 5.

---

Medical Exam, ECF No. 13; Pl.'s Mot. to Appoint a Neutral Expert Witness, ECF No. 12; Pl.'s Mot. for the Court to Suspend Rule 5.5(d)(2), ECF No. 15. Additionally, the government has moved to stay its deadlines to respond to Mr. Denton's filings. *See* Mot. to Stay the Government's Deadlines, ECF No. 14.

Mr. Denton's motions for leave to file the first and second amended complaints are GRANTED. They elaborate on the factual bases of his claim. They are nonetheless unavailing to cure the jurisdictional defects in the original complaint. The other pending motions are DENIED as moot.

**STANDARDS FOR DECISION**

*A. Motion to Proceed in Forma Pauperis*

Designed "to discourage frivolous and abusive prison lawsuits," *Schagene v. United States*, 37 Fed. Cl. 661, 661 (1997) (quotation and citation omitted), the Prison Litigation Reform Act of 1996 restricts incarcerated persons with a history of filing frivolous lawsuits from proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(g). "[C]ommonly referred to as the 'three strikes' provision, [the Prison Litigation Reform Act of 1996] prohibits an incarcerated person from proceeding *in forma pauperis* when that individual has filed three or more actions or appeals which were dismissed as 'frivolous, malicious, or failing to state a claim upon which relief may be granted.'" *Cotner v. United States*, No. 13-407C, 2013 WL 6139791, at *1 (Fed. Cl. Nov. 22, 2013) (quoting 28 U.S.C. § 1915(g)). There is an exception, however, for "prisoners under 'imminent danger of serious physical injury.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Consequently, to qualify for the exception to the three strikes provision and proceed *in forma pauperis*, an incarcerated litigant must allege sufficient facts in their complaint to demonstrate that they are under imminent danger of serious physical injury. *See Meyers v. United States*, No. 19-1457C, 2019 WL 6622839, at *1 (Fed. Cl. Dec. 5, 2019), *appeal filed*, No. 20-1431(Fed. Cir. Feb. 5, 2020).

*B. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Denton, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2] "Subject matter

---

[2]A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

Mr. Denton is no stranger to federal courts: he has filed at least five prior actions or appeals from decisions in those actions.[3] Repeatedly and more than three times, federal courts have dismissed his filings for failure to state a claim. He is therefore subject to the three-strikes provision. Accordingly, he may not proceed *in forma pauperis* in this matter unless he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Denton fails this burden because his danger is not imminent. "'Imminent' dangers are those dangers *which are about to occur* at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc) (emphasis added). The exception requires that the danger be imminent because permitting an otherwise disqualified prisoner to simply allege a potential threat of physical injury occurring at any time would allow "the imminent danger exception [to] swallow[] the rule." *Id.* Here, Mr. Denton's medical condition has been evident for months and is the result of complications from events that occurred some time ago. While his suffering elicits the court's sympathy, it is not the kind of imminent physical injury that is about to occur at any moment, such as that contemplated by the exception in Section 1915(g).

In any event, Mr. Denton's claim must be dismissed because it fails to establish this court's subject-matter jurisdiction. Mr. Denton incorrectly asserts that "[t]his [c]ourt has jurisdiction over violation of prisoners['] constitutional rights resulting in serious bodily injury pursuant to 28 U.S.C. [§§] 1491-1509." Compl. at 1. Elsewhere he seeks to root jurisdiction in 28 U.S.C. §§ 1346(a)(2), 1491. *See* First Am. Compl. at 5; Sec. Am. Compl. at 3. He proffers no other jurisdictional predicate for his claim. Mr. Denton's complaint does not allege the existence of a contract between him and any agency of the federal government, nor does it identify money-mandating statutes or constitutional provisions. The claims he alleges are

---

[3]*See Denton v. Stokes*, 620 Fed. Appx. 712, 713 (11th Cir. 2015) (affirming "*sua sponte* dismiss[al] . . . for fail[ure] to state a claim"); *Denton v. Vanderford*, No. 12-4188, 2019 WL 1930323, at *6 (N.D. Ala. May 1, 2019) ("[A]ll claims against all defendants are due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted."); *Denton v. Colbert Cty. Sheriff's Office*, No. 12-4059, 2015 WL 1334017, at *1 (N.D. Ala. March 24, 2015) ("[T]he complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted."); *Denton v. Stokes*, No. 12-4145, 2014 WL 1388389, at *2 (N.D. Ala. April 9, 2014) ("[T]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)."); *Denton v. Warden of USP-McCreary*, No. 12-231, 2013 WL 2406153, at *3 (E.D. Ky. May 31, 2013) ("Denton's right-of-access claims . . . fail to state a claim upon which relief can be granted.").

exclusively matters of tort law—over which this court has no jurisdiction.  *See* 28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Therefore, "dismissal is required as a matter of law." *Gray*, 69 Fed. Cl. at 98 (citations omitted).

## CONCLUSION

Although Mr. Denton's motions for leave to file amended complaints are GRANTED, for the reasons stated, Mr. Denton's motion for leave to proceed *in forma pauperis* is DENIED. Furthermore, because he has failed to establish this court's subject-matter jurisdiction, Mr. Denton's complaint is DISMISSED, and the pending motions that remain are DENIED as moot. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge